After a jury-waived trial, the defendant was convicted of assault and battery on a police officer and resisting arrest. He appeals, arguing only that there was insufficient evidence to prove that he resisted arrest, and that, as a result, the judge erred in denying his motion for a required finding of not guilty on that charge.[2] We affirm.
"A person commits the crime of resisting arrest if he knowingly prevents or attempts to prevent a police officer, acting under color of his official authority, from effecting an arrest of the actor ..., by: (1) using or threatening to use physical force or violence against the police officer or another; or (2) using any other means which creates a substantial risk of causing bodily injury to such police officer or another." Commonwealth v. Joyce, 84 Mass. App. Ct. 574, 581 (2013), quoting from G. L. c. 268, § 32B. Because the defendant did not renew his motion for a required finding of not guilty at the close of all of the evidence, we consider only the evidence presented by the Commonwealth during its case-in-chief. See Commonwealth v. Berry, 431 Mass. 326, 330 (2000), citing to Commonwealth v. Lydon, 413 Mass. 309, 312 (1992).
There was ample evidence admitted at trial to support the defendant's conviction. As the Commonwealth's witnesses testified, on March 16, 2016, Auburn police Officers Kaperonis, Tarentino,[3] and Laskes separately responded to a radio dispatch to the defendant's residence on Washington Street. While they were approaching the front door of the defendant's trailer, the officers heard yelling and children crying inside. With Kaperonis standing beside him, Tarentino knocked on the door; Laskes was standing behind the two. When the defendant answered the door, he appeared angry, was "red in the face," and immediately told the officers to leave; he was uncooperative, "very loud," and "animated," and positioned himself in the doorway in a "bladed stance" or "fighting stance," preventing the officers from entering the trailer. The defendant told the officers several times to leave and "was adamant that he did not want [the officers] in the [trailer]."
In an attempt to enter the trailer, Kaperonis put his hand between the door jamb and the defendant, and the defendant "swiped it down," hitting Kaperonis with his left hand. Kaperonis then grabbed the defendant by the front of his shirt, pulling him out of the doorway and down the front stairs away from the trailer so that the other officers could investigate what was occurring inside.[4] Kaperonis told the defendant to "stay there," but the defendant, who was uncooperative, continued trying to get back into the trailer; the defendant pushed Kaperonis in the chest with his hands, trying to get away. Kaperonis then told the defendant he was arresting him for assault and battery on a police officer; however, the defendant "slipped by" the officer and went back up the stairs to the trailer door. Tarentino grabbed the defendant at the door and along with Kaperonis brought the defendant back down the stairs, where the defendant started "thrashing" and "moving his body" and would not let the officers place the handcuffs on him. The defendant was not cooperating with the officers' instructions, refusing to put his hands behind his back for handcuffing, and trying to get back up the stairs of the trailer. The officers eventually were able to force the defendant down on the ground to handcuff him and place him under arrest. He was then placed in the rear of Kaperonis's cruiser and transported to the police department.
At the time Kasperonis informed the defendant he was arresting him for assault and battery on a police officer, and again later when Tarentino and Kasperonis seized the defendant, bringing him down the stairs and away from the trailer, a reasonable person in the defendant's circumstances clearly would have understood he was being arrested. Joyce, 84 Mass. App. Ct. 581.
The defendant's citation to Commonwealth v. Grandison, 433 Mass. 135, 144-145 (2001), does not assist him. There, the court said, "We do not agree with the defendant's contention that the officers' characterization of the defendant's behavior as 'resisting' or 'struggling' is mere opinion. At the scene, the defendant would not bend his arms to allow the handcuffs to be placed on him and he managed to pull his arm away for a few seconds. It took four police officers to handcuff him. These actions fall within the statutory language. The defendant used 'any other means' that created a 'substantial risk of causing bodily injury' to the police officers (emphasis added). The type of resistance the defendant perpetrated could have caused one of the officers to be struck or otherwise injured, especially at the moment he freed his arm. If the conviction rested solely on this event, ... a rational jury could have concluded that the defendant's behavior did create a risk of bodily injury beyond a reasonable doubt." Ibid. Moreover, the continuing events at the scene in this case clearly are distinguishable from the two very separate incidents addressed in Grandison. There, the above-described events took place at the scene where the defendant was arrested, and another struggle ensued later at the police station where the defendant was taken after his arrest. Id. at 145-146.
Viewing the evidence here in the light most favorable to the Commonwealth, we are satisfied that the judge reasonably could have found that the defendant's conduct amounted to resisting arrest; the motion for a required finding of not guilty was properly denied.
Judgments affirmed.

The defendant's motion for a required finding of not guilty made at the close of the Commonwealth's evidence was allowed as to the charges of disorderly conduct and disturbing the peace, but was denied as to the charge of resisting arrest. At the close of all of the evidence, the defendant did not renew his motion on the remaining charges. Although he filed a general notice of appeal, the defendant does not challenge his conviction of assault and battery on a police officer in his brief. Accordingly, we do not address it.

Tarentino was unavailable to testify at trial.

Laskes provided corroborating testimony.